FILED

2026 May-22  AM 10:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

UNITED STATES OF AMERICA  )

                    )

    v.             )    Case No. 2:24-cr-00382-MHH-SGC

                    )

MOHAMMAD MOHAMMAD    )

## UNITED STATES' RESPONSE IN OPPOSITION TO MOTION TO WITHDRAW GUILTY PLEA

### I.     INTRODUCTION

Nearly three months after pleading guilty, and after receiving his PSR, the defendant moved to withdraw his guilty plea. He now argues, "I was misled and misrepresented by my counsel." Defendant claims his attorney told him he was pleading to only one count, six counts would be dismissed, and he would receive a sentence of five years. ECF 70 at 2. Yet the record and his attorneys contradict this claim. The Court should deny the motion without a hearing and sentencing should proceed as scheduled on June 10, 2026.

### II.     PROCEDURAL BACKGROUND

Two weeks before trial, on September 24, 2025, the defendant pled blindly, without a plea agreement, to all seven counts of the Superseding Indictment (ECF 27). On November 4, 2025, the Presentence Report Report (PSR) was prepared and provided to the attorneys for the defendant and the government. Defendant's

attorneys provided the PSR to him shortly thereafter and after seeing the PSR, the defendant decided he wanted to withdraw his plea. *See* ECF 70 at 1. On December 10, 2025, the Court ordered sentencing of the defendant to be held on June 10, 2025. On December 22, 2025, the defendant filed a motion to withdraw his guilty plea. ECF 70. In the defendant's pro se motion to withdraw his guilty plea, the defendant claimed his attorney told him he was only pleading guilty to one count, and he would receive a sentence of five years. *Id.* The next day, the Court denied the pro se motion without prejudice because the defendant was represented by counsel. ECF 71. On May 8, 2026, the defendant, through counsel, filed a motion to withdraw his guilty plea. ECF 73. The defendant, through counsel, "insists that he was told that he was pleading to just one (1) count." ECF 73 at 2. Further, defendant claims he didn't understand he was pleading to all seven counts because of "language and cultural differences" and because he suffers from depression and anxiety. *Id.* The rest of the defendant's reasons to withdraw his plea are excuses and blame for his criminal conduct, all of which existed before his guilty plea and were waived. *Id.*

All the defendant's claims in his motion to withdraw his guilty plea are completely contradicted by his testimony at the plea hearing given under oath.

*Q.*     *Do you have any physical health concerns that would affect your ability to understand the questions that I will be asking you today?*

*A.*     *No, ma'am.*

2

*Q.* *Do you have any mental health concerns that would affect your ability to understand the questions that I will be asking you today?*

*A.* *No, ma'am.*

*Q.* *Have you taken any medication in the past two days that would affect your ability to understand the questions that I will be asking?*

*A.* *No, ma'am.*

Plea Transcript at 3.

*Q.* *It's the Court's understanding that you wish to plead guilty to counts one through seven of the indictment in this case….*

The Court explained the range of punishment including that the Court could impose a sentence of up to 10 years for each count.

*Q.* *Do you understand the consequences that you will face if you plead guilty to counts one through seven?*

*A.* *Yes, ma'am, I do.*

*Id.* at 5-6.

The Court explained because there wasn't a plea agreement the defendant's attorneys could object to anything in the PSR. Further, the guidelines would establish a sentence range, but the Court doesn't have to sentence within that range.

*Q.* *And you understand that the Court is not bound to impose a sentence that's within the guideline range.*

**A.**    *Yes, ma'am.*

*Id.* at 11.

**Q.**    *Do you have any complaints or concerns that you wish to raise about the work that Mr. Threatt or Mr. Robbins has been doing for you?*

**A.**    *No, ma'am.*

*Id.*

The Court explained the constitutional rights the defendant possessed and was "giving up" by pleading guilty. Additionally, the Court confirmed he understood,

**Q.**    *Have you had enough time to discuss your constitutional rights with your attorneys?*

**A.**    *Yes, ma'am.*

**Q.**    *Do you understand those rights?*

**A.**    *Yes, ma'am.*

**Q.**    *If you plead guilty today, will you be giving those rights up voluntarily?*

**A.**    *Yes, ma'am.*

…

The Court found the defendant was competent and acting voluntarily.

**Q.**    *So do you wish to plead guilty to counts one through seven today?*

**A.**    *Yes, ma'am.*

*Q.*    *Is that because you are guilty of the conduct charged against you in those counts?*

*A.*    *Yes, ma'am.*

*Q.*    *Then how do you plead to count one?*

*A.*    *Guilty.*

*Q.*    *How do you plead to count two?*

*A.*    *Guilty.*

*Q.*    *How do you plead to count three?*

        *(Off the record discussion between the defendant and his attorney.)*

*Q.*    ***I'm going to ask you about all seven counts because I have to know your plea on each count.*** (Emphasis added).

        *How do you plead to count three?*

*A.*    *Guilty.*

*Q.*    *How do you plead to count four?*

*A.*    *Guilty. Can you give me a second, ma'am.*

*Q.*    *Sure. Take your time.*

        *(Off the record discussion between the defendant and his attorney.)*

*A.*    *Yes, ma'am.*

5

**Q.**   *All right. So count four?*

**A.**   *Yes, ma'am.*

**Q.**   *What is your plea?*

**A.**   *Guilty.*

**Q.**   *And how do you plead to count five?*

**A.**   *Guilty.*

**Q.**   *How do you plead to count six?*

**A.**   *Guilty.*

**Q.**   *How do you plead to count seven?*

**A.**   *Guilty.*

*Id.* at 12-15

Although the defendant claims his attorneys misled him by telling him he was pleading to only one count and would receive a five-year sentence, "all said counsel deny that they individually or collectively misled the Defendant…. Defense counsels are filing this motion because of the insistence of their client." ECF 73 at 2.

### III.   ARGUMENT

I.   **The defendant has not satisfied his burden to withdraw his guilty plea.**

A defendant may withdraw a guilty plea after the court accepts the plea but before the court imposes sentence if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). In determining whether

the defendant has shown "a fair and just reason," the district court "may consider the totality of the circumstances surrounding the plea." *United States v. Buckles*, 843 F.2d 469, 471–72 (11th Cir. 1988). "Factors analyzed include (1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved, and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." *Id.* at 472 (citation omitted).

All four factors weigh against allowing the defendant to withdraw his guilty plea here. As for the first factor, the defendant confirmed under oath at his change of plea hearing that close assistance of counsel was available. The defendant stated under oath at the plea hearing that he had no complaints or concerns about the representation of his attorneys, and he had had enough time to discuss his rights with his attorneys. *See* Transcript at 11. "There is a strong presumption that the statements made during the colloquy are true." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). Based on the defendant's affirmation that he had no complaints or concerns about his attorney, the first factor weighs against the defendant. *See United States v. McFarland*, 719 F. App'x 908, 912 (11th Cir. 2017) ("Given Defendant's affirmative responses that he received assistance from counsel and was satisfied with that assistance, the district court did not abuse its discretion by concluding that Defendant had entered his guilty plea with 'close assistance of counsel.'").

7

For the second factor, regarding whether a plea was entered into knowingly and voluntarily, the defendant's statements at his change of plea hearing weigh heavily against him. The Court confirmed nothing affected the defendant's ability to understand, including physical health, mental health, or medications. *See* Plea Transcript at 3. The Court explained to the defendant the nature of the charges and the consequences of his guilty plea to all seven counts. *See* Id. at 5-6. The Court explained there was no plea agreement, and it doesn't have to sentence the defendant within the guideline-range. *Id.* at 11. After the defendant expressed that he understood all the various rights that he would be giving up by pleading guilty, the nature of the charges, and the consequences of pleading guilty, the Court stated, "I find you're competent and I find that you're acting voluntarily." *Id.* at 13. The defendant's statements confirm that his plea was entered into knowingly and voluntarily.

The defendant's language and cultural differences did not limit his ability to understand. The defendant has been living and working in the United States for over thirty years with five of his six children born in the United States. *See* ECF 1 at 3. He owned and operated a profitable plumbing business, American Plumbing Service, in Homewood, Alabama. *Id.* During the investigation of the defendant, the FBI obtained many hours of recorded conversations of the defendant that prove the defendant speaks the English language fluently, comprehends well, and has no

8

problem understanding others. The Court heard the defendant's ability to communicate well in his conversation with the undercover hitman on September 21, 2024, when the defendant hired the hitman to kill his wife and children. *See* GX 1 & 2, transcript and recording, admitted into evidence at the hearing on June 23, 2025. These hours of recordings are additional evidence that the defendant's plea was knowing and voluntary.

If a defendant does not satisfy the first two *Buckles* factors, a court need not "give particular attention" to the remaining factors. *United States v. Gonzalez–Mercado*, 808 F.2d 796, 801 (11th Cir. 1987). Nonetheless, the final two factors also weigh against letting the defendant withdraw his plea. Judicial resources would not be conserved. The PSR has been drafted, and the parties have filed objections to it. All that is left to conclude the defendant's case is to sentence him. "If the court allowed [Mohammad] to withdraw his plea, many more resources would then be expended, including a jury trial." *United States v. Beasley*, No. 22-13794, 2023 WL 8368844, at *3 (11th Cir. Dec. 4, 2023).

Further, the government would be prejudiced. *See Buckles*, 843 F.2d at 474 ("[A] district court need not find prejudice to the government before it can deny a defendant's motion to withdraw, [but] it may take this factor into account when assessing the defendant's motion."). The government stopped its preparation for trial nine months ago when the defendant pled guilty. Although many of the witnesses

9

were conflicted about having to testify against the defendant, they were willing and cooperative at the time. These witnesses include former employees and family members who regardless of the defendant's criminal conduct, still care about him. After nine months, many of these witnesses may not be willing or cooperative. "Regarding factor four, the government would be prejudiced if the court allowed [Mohammad] to withdraw his plea because it would be required to collect and reinterview witnesses, regather evidence, and prepare for trial after already having gone through the plea process." *Beasley*, 2023 WL 8368844, at *3.

Finally, the timing of the defendant's motion to withdraw his guilty plea suggests that he does not have a fair and just reason for withdrawing his guilty plea. The Eleventh Circuit has explained that the "longer the delay between the entry of the plea and the motion to withdraw it, the more substantial the reasons must be as to why the defendant seeks withdrawal." *Buckles*, 843 F.2d at 473. The Eleventh Circuit has held that there was no "swift change of heart" when a guilty plea was entered and defendant moved to withdraw it 27 days later. *See Gonzalez-Mercado*, 808 F.2d 797, 801 (11th Cir. 1987) (citation omitted); *see also United States v. Chicago*, 711 F. App'x 512, 516-17 (11th Cir. 2017) (finding that 92-day delay between defendant's guilty plea and motion to withdraw it did not indicate a "swift change of heart").

10

While the Eleventh Circuit has suggested that a 27-day delay between guilty plea and a motion to withdraw that guilty plea did not indicate a "swift change of heart," *Gonzalez-Marcado*, 808 F.2d at 801, the defendant here waited almost three months before attempting to withdraw his guilty plea. Attempting to withdraw a guilty plea three months after pleading guilty then receiving the PSR before sentencing "suggests that he wanted to withdraw his plea only because he was dissatisfied with this sentence calculation," not for any fair or just reason. *Chicago*, 711 F. App'x at 516.

Although he has the burden, the defendant does not engage with the four factors above at all. Instead, the defendant makes essentially one allegation that the only reason he pleaded was because his attorneys misled him and misrepresented that he was only pleading to one count and would be sentenced to five years.  But the record and his attorneys clearly contradict his claim.

The defendant's conclusory assertion that he was misled and misrepresented is not sufficient to change his plea. *See United States v. Hunter*, 588 F. App'x 910, 913 (11th Cir. 2014) ("All he offers to satisfy this burden, however, are his allegations that he was under duress to plead guilty because his mother and his attorney had advised him to do so and because he had heard rumors that the judge was a tough sentencer. These circumstances do not satisfy Hunter's burden to prove false his statements during the plea colloquy."). For example, in *United States v.*

*Ross*, Eleventh Circuit rejected the defendant's motion to withdraw a guilty plea because it was inconsistent with his statements at his earlier plea colloquy:

> Ross's pro se letter gave no valid reason to allow him to rescind his plea. It contained a conclusory assertion regarding coercion—an assertion contradicted by the district court's thorough inquiry. In other words, the letter indicates Ross sought to relitigate an earlier position he had taken in open court. Our precedents foreclose that tactic.

776 F. App'x 594, 599 (11th Cir. 2019). The defendant's untrue conclusory allegations here are inconsistent with his statements under oath to the Court at his plea hearing that he was pleading guilty because "[he is] guilty of the conduct charged against [him] in those counts." Plea Transcript at 13. As a result, he cannot establish a fair and just reason for withdrawing his guilty plea.

## II.     The defendant is not entitled to a hearing on his motion.

A court need not set a hearing on a motion to withdraw a guilty plea where the court made extensive Rule 11 inquiries before accepting the defendant's plea. *See United States v. Stitzer*, 785 F.2d 1506, 1514 (11th Cir.1986). On one hand, the defendant has not even requested a hearing on his motion. *See United States v. Rivers*, 656 F. App'x 444, 447 (11th Cir. 2016) ("[The defendant] has not cited a single decision, from this Court or elsewhere, holding that a district court errs by failing to hold an evidentiary hearing on a defendant's motion to withdraw his guilty plea where the defendant himself has not requested one.").

12

But even when a defendant does request a hearing on a motion to withdraw a guilty plea, "a district court does not abuse its discretion in denying that request if it 'conducted extensive Rule 11 inquiries prior to accepting the guilty plea.'" *Id.* at 448 (quoting *United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006)). As discussed above, the Court's thorough questioning at the defendant's change of plea hearing demonstrates that the defendant's plea was knowing and voluntary. As a result, no hearing on the defendant's motion is needed. *See Ross*, 776 F. App'x at 598 ("The court's thorough questioning and Ross's answers at the change-of-plea hearing demonstrate that Ross knowingly and voluntarily pleaded guilty. Ross's subsequent claim of coercion, unsupported by any reasoning or new evidence, failed to convince the district court, as it fails to convince us, that he was entitled to an evidentiary hearing."); *United States v. Hunter*, 588 F. App'x 910 (11th Cir. 2014) ("Because the district court conducted a comprehensive Rule 11 hearing that thoroughly evaluated the knowing and voluntary nature of Hunter's guilty plea, the court did not err by failing to hold an evidentiary hearing on his motion to withdraw the plea.").

## IV.   CONCLUSION

Almost a year after pleading guilty, the defendant still refuses to accept responsibility for his actions. His untrue assertions of his attorneys misleading him does not satisfy the Eleventh Circuit's standard that a defendant present a fair and

just reason to withdraw a guilty plea. As a result, the defendant's motion should be denied without a hearing.

Respectfully submitted.

CATHERINE L. CROSBY
United States Attorney

*/s/ Electronic Signature*
Jonathan Cross
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Electronic Signature*
Jonathan Cross
Assistant United States Attorney

14